### Commonwealth v. Miles

*Gayle M. Baker, assistant district attorney,* for the Commonwealth.

*Dean P. Arthur,* for defendant.

SOKOLOVE, *J.*, January 12, 1989—After a waiver trial on June 20, 1988, we found defendant Ronald D. Miles guilty of possession of a prohibited offensive weapon and not guilty of the summary offense of purchase, consumption, possession or transportation of intoxicating beverages. Defendant filed timely motions in arrest of judgment and for a new trial. We have reviewed counsel's memoranda of law and heard oral argument. We deny defendant's post-trial motions.

The evidence presented at trial revealed that Officer Ray Weldie of the Lower Southampton Police Department was summoned to an apartment complex at about 11:00 p.m. on February 19, 1988 to investigate two suspicious individuals. The apartment manager directed the officer to defendant and a companion who were in an automobile in the parking lot. The officer approached the automobile and spoke to defendant and the other passenger. The passenger ran away, but defendant walked up to the officer. Officer Weldie observed that defendant walked with a staggering gait, swayed and had slurred speech, bloodshot eyes and an odor of alcohol on his breath. Defendant submitted to a field sobriety test, which he failed, and the officer placed him under arrest. Subject to the arrest, the officer searched defendant, finding a "butterfly" knife and brass knuckles in his pockets. Defendant later passed the breathalyzer test administered at the police station.

We did not find the "butterfly" knife to be a prohibited offensive weapon. The present controversy centers on the status of the brass knuckles. The brass knuckles were entered into evidence at trial, and we viewed them again after oral argument. They were somewhat unusual brass knuckles in that they consisted of a knife blade folded into a piece of metal containing four finger holes. When the knife is closed, it blocks the finger holes. In other words, the knuckles can only be used when the blade is open and exposed. Defendant testified that he had purchased the knuckles in a retail store.

Section 908(c) of the Crimes Code, 18 Pa.C.S. §908(c), defines the offensive weapons it prohibits as:

"Any bomb, grenade, machine gun, sawed-off shotgun, firearm specially made or specially

adapted for concealment or silent discharge, any blackjack, sandbag, metal knuckles, dagger, knife, razor or cutting instrument, the blade of which is exposed in an automatic way by switch, push-button, spring mechanism, or otherwise, or other implement for the infliction of serious bodily injury which serves no common lawful purpose."

We believe that the knuckles in this case fit within the specifically enumerated "metal knuckles" of the statute and are, therefore, prohibited offensive weapons. Defendant argues that, because the blade must be engaged to utilize the knuckles, the knuckles are a knife, not "metal knuckles." We do not agree. We concluded from our close examination of the knuckles that they could definitely be used as metal knuckles, even with the knife exposed, and, further, because of the knife, that they were particularly threatening metal knuckles. Defendant claims that section 908(c) requires a thumb hole for metal knuckles, which these knuckles did not include. We see no such requirement in the statute or any case law interpreting it. Metal knuckles may consist of only four holes.

Defendant finally contends that his conviction must be reversed because the Commonwealth failed to prove that the knuckles had no common lawful purpose. We agree that if the knuckles had not been encompassed by the specific category, "metal knuckles," the Commonwealth would have been forced to prove that the knuckles fell within the catchall of section 906(c) as an "implement for the infliction of serious bodily injury which serves no common lawful purpose." Proof of no common lawful purpose would then have been an essential element of the Commonwealth's case. *Commonwealth v. Ashford,* 263 Pa. Super. 100, 397 A.2d 420 (1979). This burden was not imposed upon the

Commonwealth in this case because the knuckles were contained in the enumerated list of prohibited weapons. Just as the Commonwealth would not be required to prove that a grenade or a machine gun had no common, lawful purpose, the Commonwealth was not required to prove that the knuckles had no common, lawful purpose. The legislature, in drafting section 908(c), clearly identified the specifically enumerated items as prohibited weapons without further proof. The legislature found as a matter of policy that the particularly listed items had no common, lawful purpose.

For the foregoing reasons, we deny defendant's post-trial motions and enter the following

### ORDER

And now, January 12, 1989, it is hereby ordered and decreed that defendant's motions in arrest of judgment and for a new trial are denied and dismissed. Defendant is to appear for sentencing on February 13, 1989 at 9:30 a.m. in court room no. 7, Bucks County Courthouse, Doylestown, Pa.